The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

GREENBAUM, J. (concurring). The fact that defendant went into possession after the execution of the duplicate leases, the correspondence that passed between the parties, and their acts all unmistakably evidence an acceptance of the lease. As to the alleged surrender and acceptance, the testimony falls short of proof of this defense. Dagett v. Champney, 122 App. Div. 254, 106 N. Y. Supp. 892.

The judgment should be reversed.

---

(125 App. Div. 111.)

In re ELLIS.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

RAILROADS—FARM CROSSINGS—DUTY TO CONSTRUCT—EFFECT OF AGREEMENT.

One having deeded a railway right of way through his farm under an agreement that he should be entitled to three "grade" crossings, they must be deemed all that are reasonably necessary for his use, no new elements entering into the situation that were not known to him when he deeded the right of way, and he cannot invoke Railroad Law, Laws 1890, p. 1093, c. 565, § 32, as amended by Laws 1892, p. 1390, c. 676, requiring railroad companies to construct farm crossings where reasonably necessary, to compel the construction of a subway under the company's tracks, though he has availed himself of only one of the three grade crossings.

Application by Walter B. Ellis to compel the Buffalo, Lockport & Rochester Railway Company to erect a farm crossing under its right of way, etc. From an order granting petition, the company appeals. Reversed, and petition dismissed.

The following is the opinion of Frost, referee, in the court below:

This proceeding is commenced for the purpose of compelling the construction of a subway under the tracks of the Buffalo, Lockport & Rochester Railway, at a point about 1,000 feet east of the westerly line of the petitioner's farm. On the 26th day of June, 1906, the petitioner conveyed to the railroad company a strip of land 66 feet wide, through his premises, and in the deed it was provided as follows: "It is further understood that the first party shall have the right to three surface grade crossings, at points on the above described lands, to be designated by the first party." A fair construction of the language above quoted, under the surrounding circumstances, is that the petitioner by its terms reserved the right and limited himself to the right to three surface grade crossings all told, whether necessary or not, to be located by him notwithstanding the provisions of section 32 of the railroad law (Laws 1890, p. 1093, c. 565, as amended by Laws 1892, p. 1390, c. 676); that three surface grade crossings were all the crossings of any kind in his judgment, "reasonably necessary" for his use, as owner of the adjoining lands. Under said agreement he is entitled to three, and the company is bound to construct three grade crossings, when and where the petitioner indicates, whether in the judgment of the company, or even in his own judgment. the same are all "reasonably necessary" or not. The same would be true had the petitioner reserved ten crossings, instead of three. The petitioner has located one crossing under said contract. No elements now enter into the situation that were not known to and most likely considered by the petitioner at the time of the execution and delivery of the deed. At the time of the preparation of the deed in question, the petitioner knew of what he claims to be

the only spring upon the premises; his usual course of husbandry; the number of grazing animals usually kept by him upon the premises; the location of his pasture lands, and the lowest depression of the natural grade of the land in the line of the proposed railroad; and he delivered the deed containing the provision above quoted, knowing all these facts. Subsequently he opened negotiations with the railroad company, with a view of surrendering some of his rights to crossings at grade for one subway. These negotiations continued for some time, without a hint or suggestion but that he would have to pay the difference in the expense of construction, thus showing clearly the construction put upon the covenant or agreement by the now complaining party. What he now claims to be the most important crossing he did not reserve or mention in the deed. He was evidently unwilling to leave the subject of his statutory rights, or he would have given the deed without conditions.

Counsel for petitioner urges that, at the time of giving the deed, the petitioner was ignorant of the grade at which the tracks would pass the lowest point of depression in the surface of the right of way. He could not have been entirely ignorant. His knowledge of the surface of the land must have enabled him to judge the grade approximately, and, if this were not sufficient, he could have compelled the establishment of the grade for his information, or withheld the deed. My judgment is that the parties have treated upon the subject and established by themselves, without the assistance of the court, and regardless of the statute, exactly what their respective rights are, and as they must remain, and that the court has no reason to interfere.

If the owner may waive or release the statutory obligations as asserted in Smith v. Railway Company, 63 N. Y. 61, then he certainly may limit himself as to the number and the kind of crossings to which he is entitled. Three surface grade crossings are all that are "reasonably necessary" to accommodate the owner, and, if located with reference to distance, would require traveling but about 400 feet from any point on the line of the road to reach a crossing. Beside, the highway affords some relief, while three surface grade crossings and one subway are more than are "reasonably necessary" to accommodate the owner. It is doubtless true that a subway would afford additional convenience to the owner, but the position in which he has placed himself seems to have precluded any assistance from the courts.

The conclusion reached requires a dismissal of the petition, and that course is recommended.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Chas. B. Hill, for petitioner.
Thompson & Sheldon, for defendant.

PER CURIAM. Order reversed and petition dismissed, with costs, on the opinion of Frost, referee.

---

DINEEN v. GENERAL ACCIDENT INS. CO. OF PHILADELPHIA.

(Supreme Court, Appellate Division, Fourth Department. May 6, 1908.)

1. INSURANCE—APPLICATION—WARRANTIES—CONSTRUCTION.

An insurance company seeking to make every statement whether material or otherwise a warranty must be held to a very strict rule when endeavoring to avoid payment because of answers to inquiries or declarations which it has framed, and, if any ambiguity exists, the construction most favorable to insured will obtain.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 195, 292–294.]

2. SAME—ACCIDENT INSURANCE—BREACH OF WARRANTY.

In his application for accident and health insurance, plaintiff agreed that the statements contained therein were warranties, stating, among